Filed Sept. 20, 1894.

———————◆———————

No. 14,712.

## ROBINSON *v.* THE STATE.

VERDICT.—*Sufficiency of Evidence.—Supreme Court Practice.—Criminal Law.—Murder.—Weight of Evidence.*—Where, in a criminal action (for murder), the evidence is conflicting as to the guilt or innocence of the accused, the appellate tribunal will not pass upon the weight of the evidence.

From the Clark Circuit Court.

*J. K. Marsh*, for appellant.
*A. G. Smith*, Attorney-General, for State.

HACKNEY, C. J.—The appellant was convicted and sentenced to imprisonment for life upon a charge of

murder in the first degree, in the killing of Samuel T. Hay.

The only questions presented by the record arise upon the appellant's motion for a new trial, and the only discussion of counsel is as to the sufficiency of the evidence to support the verdict.

We have carefully read the evidence, and find that upon that of the appellee, if accepted as true, the charge was fully sustained, while that of the appellant, if standing alone and its truth not doubted, would support the defense of a justifiable homicide. Between the appellant and the family of the deceased there had been a long continued bitterness of feeling growing out of the appellant's effort to maintain a fence upon his farm which, as the Hay family insisted, interfered with their use of a private way over said farm. The fence had been frequently rebuilt and as frequently torn down, or its wires cut, the appellant's live stock straying from the place, and the cattle of others trespassing upon his fields. The parties had quarreled, had almost, if not quite, come to blows, and the appellant had carried, in a menacing manner, about his visits to and work upon the farm near the Hay farm, a pistol and a double-barreled shot gun, while the deceased procured a pistol, which he carried when anticipating a meeting with the appellant. The parties also involved each other in law suits, both civil and criminal. Finally the bitterness became so intense that on the occasion of the final meeting between the appellant and Samuel T. Hay, the appellant, over the protests of his daughter, took his gun from his wagon and fired at least seven buckshot into the breast of the deceased.

The evidence of the prosecution included threats on the part of the appellant to take Hay's life and an admission that he had taken it, not upon a sudden heat,

but after contemplating it for some time. The fatal shot was fired from the appellant's premises across a fence and struck the deceased while upon his own premises and was fired without words between the parties on that occasion.

The theory of the defense was that the appellant's weapons had been carried for and used in self-defense; that Hay had threatened to kill the appellant, had prepared himself to execute his threat, and that on the occasion of this final meeting, Hay was making an effort to get his pistol from his pocket when the appellant, to protect himself from imminent peril, fired the fatal shot. The case was hotly contested by able counsel, and the evidence involved contradictions and denials, from both sides, of most, if not all, of the important elements of each theory.

It will be seen, therefore, that the case was one peculiarly for the jury, as its decision rested upon the evidence and required that conflicts should be reconciled and the proper weight accorded to the testimony of the various witnesses.

We feel that to disturb the finding of the jury in this case would not only be to usurp the prerogative of the jury, but would be to ignore the precedents of this court observed from its organization.

The transcript in this case was filed January 4, 1889, and did not reach the judges upon distribution until September 18, 1894. Of this seeming unnecessary delay, we know nothing further than the statement of the attorney-general in his brief, that the delay in submitting the record to the court was by agreement of counsel on both sides.

The judgment of the circuit court is affirmed.

Filed Sept. 19, 1894.